IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSSER'S INC., d/b/a | : | CIVIL ACTION |
| GENUINE TOBACCO COMPANY, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 10-4355 |
| | : | |
| UNITED STATES, et al., | : | |
| Defendants | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                 February 18, 2014

The plaintiff filed a motion for reconsideration of my denial of its motion for injunctive relief which sought to enjoin certain portions of the Prevent All Cigarette Trafficking Act ("the Act"). For the reasons that follow, I will deny the motion for reconsideration in its entirety.

Granting a motion for reconsideration is appropriate "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly). The

Third Circuit Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to re-litigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Here, the plaintiff insists that I reconsider my denial of relief based on a decision of the Second Circuit Court of Appeals which affirmed the granting of injunctive relief by the District Court for the Western District of New York. See Red Earth, LLC v. United States, 657 F.3d 138 (2d Cir. 2011). The Red Earth decision was issued six days before my decision, and the plaintiff is concerned that, based on my failure to cite the Red Earth decision in my Memorandum, I may not have had the benefit of considering its import when deciding the plaintiff's motion for injunctive relief. It was not, however, an oversight. I did not cite to the Second Circuit case for two reasons. First, a decision from the Second Circuit is not controlling law here. Second, the decision has no effect on the analysis in my Memorandum.

In making its due process argument in its motion for injunctive relief, the plaintiff

2

primarily relied on the <u>Red Earth</u> decision of the lower court, which analyzed the PACT Act as if it had been imposed by a state.  The court analyzed the issue in the context of a preliminary injunction by focusing on whether entities may be subject to state jurisdiction when the state acts on its own.  In my Memorandum denying injunctive relief, however, I focused on whether the federal government could seek compliance with tax laws by those, such as the plaintiff, engaged in interstate commerce.  I found that because the PACT Act is federal legislation, it does not violate the due process rights of those engaged in interstate commerce.

As the defendant properly points out, neither <u>Red Bank</u> decision analyzed the contacts between the PACT Act and those engaged in interstate commerce.  The plaintiff incorrectly argues that the <u>Red Earth</u> courts found no merit in that analysis, when, in fact, they did not even address it.  Instead, the Second Circuit found:

> Because the district court reached a reasonable conclusion on a close question of law, there is no need for us to decide the merits at this preliminary stage. We find that the district court acted within its discretion in entering the injunction here.

<u>Red Earth</u>, 657 F.3d at 145.  Thus, the Second Circuit's decision did nothing that would alter the analysis in my Memorandum, and it presents no reason to justify reconsideration of my decision.

In conclusion, the plaintiff has not shown that the Second Circuit's decision in <u>Red Earth</u> resulted in any change to controlling law, newly available evidence, or a need to correct a clear error of law or fact or to prevent manifest injustice.  I will deny the motion

3

for reconsideration.

      An appropriate Order follows.